**Alex MULLINS, Jr., and Anna Mullins, His Wife, Appellants,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT of HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

Clark Pratt, Cordell H. Martin, Hindman, for appellants.

Carl T. Miller, Jr., Gen. Counsel, Dept. of Highways, Frankfort, Harvey G. Ershig, Henderson, for appellee.

STEINFELD, Chief Justice.

The Department of Highways surveyed and prepared a plat, plans and specifications for the construction of a highway which passed through land belonging to appellants Alex Mullins, Jr., and Anna Mullins, his wife. For that project two parcels were conveyed on April 16, 1946, by the Mullinses to the Commonwealth, the description following the information indicated on the survey plat. At that time the dwelling house occupied by the Mullinses was located in the planned right of way. After having location stakes placed by a man whom they thought was a state engineer, appellants moved their frame house off the right of way, later demolished it, and then had a new site graded on the area indicated by the engineer's stakes. There they constructed a new concrete block residence, built a concrete block building containing a garage and post office, and on an adjoining tract erected another building housing an apartment and a garage.

Relying on its survey the Commonwealth discovered that some of the new buildings encroached partially and others entirely on its right of way; wherefore it gave notice to the Mullinses to remove them. The notice having been disregarded, the Commonwealth, in 1959, sued to require the removal of the structures.

At the trial, after all the evidence was heard, the jury reported "We the Jurors do agree the buildings are on the Highway." Appellants timely filed a motion for a new trial, which was sustained, whereupon the court set aside the verdict and ordered that additional proof be taken and a transcript of the evidence heard in the jury trial be considered (under an agreement of the parties) by the court without the intervention of a jury. After further proof was taken the court made

findings of fact, entered conclusions of law and a judgment holding that the buildings encroached on the Commonwealth's right of way, therefore it ordered their removal. From that judgment the Mullinses appeal. We affirm.

Appellants contend that the natural objects called for in the deed and shown upon the Highway Department plat which supplied the information from which the deed was written are the best evidence of the correct location of the property conveyed. They note that these objects were existing when the survey was made and when the building site was staked. They contend that these natural objects refute the finding of the trial court and that construing the deed as to boundary line most strongly against the Commonwealth, which prepared it from the survey, discloses that the verdict is contrary to the evidence and cannot stand.

■■ Qualified engineers testified for the parties, some supporting the contention of the Mullinses and others that of the Commonwealth. The "natural objects", an oak tree and a creek, have long ago been removed from the area and the surroundings are substantially changed. The former location of these objects is a controversial issue. We recognize that existing natural objects prevail over calls and distances (Fordson Coal Co. v. Napier, 261 Ky. 776, 88 S.W.2d 985 (1935) ), but here the objects on which appellants rely no longer exist and the evidence as to their former locale is conflicting. Considering the evidence as a whole, we cannot declare that the finding of the trial court was clearly, if at all, erroneous. Therefore, we must not disturb it. CR 52.01. Ferguson Contracting Co. v. Charles E. Story Construction Co., Ky., 417 S.W.2d 228 (1967).

Finally appellants argue that the parties have construed the deed as to location of the disputed lines, staked it out and acquiesced in it for many years and that they have made valuable and lasting improvements in reliance upon the agreed location, therefore that construction must prevail. They rely on Hensley v. Lewis, 278 Ky. 510, 128 S.W.2d 917 (1939), in which we wrote:

"* * * the rule for determining what property has been conveyed by a deed, where the description is ambiguous, is that the intention of the parties should generally control, and where the parties have by their acts given a practical construction thereto, the construction so put upon the deed by them may be resorted to to aid in ascertaining their intention."

There the grantor and grantee built fences shortly after the conveyances, "* * * thus establishing the frontage of both lots on the county road." The contest between those two private owners was whether the deed had conveyed to the center of the road or to the edge of the right of way. Here we find no indication that the Commonwealth joined with appellants in interpreting a provision of a deed.

The judgment is affirmed.

All concur.